1   RALPH R. RIOS, ESQ. 80585
    RALPH M. RIOS, ESQ, ESQ. 230454
2   **RIOS & ASSOCIATES**
    A Professional Law Corporation
3   36 W. Colorado Blvd. Suite 301
    Pasadena, CA 91105
4   Telephone: (626) 583-1100
    Facsimile: (626) 583-1475
5   Email: rmr@rrioslaw.com

6   Attorneys for Plaintiff,
    RONALD CHRISMAN

7

8

9                **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  RONALD CHRISMAN                )      CASE NO: 11cv0357-JAH-JMA
                                   )
13                                 )      **S E C O N D   A M E N D E D**
                                   )      **COMPLAINT FOR DAMAGES:**
14                 Plaintiffs,     )      **CIVIL RIGHTS VIOLATIONS**
                                   )      **(42 U.S.C. §1983)**
15                                 )
                                   )      **[DEMAND FOR JURY TRIAL]**
16                                 )
    v.                             )
17                                 )
                                   )
18  A. VERKOUTEREN (#53733), R. HICE)
    (#72647), E. SAMANIEGO (#74724), S.)
19  WHITE (77825), E. MENDOZA (#74724))
    RICHARD   HERNANDEZ,   former)
20  Warden of R.J. Donovan State Prison; R.J.)
    DONOVAN STATE PRISON and DOES)
21  1-10;                          )
                   Defendants.     )
22

23               **PRELIMINARY STATEMENT**

24        PLAINTIFF RONALD CHRISMAN, individually by and through his attorney,

25  RALPH R. RIOS, Esq.  for a complaint against the Defendants, state as follows

26  against the Defendants jointly and severally:

27

28                SECOND AMENDED COMPLAINT FOR DAMAGES

## INTRODUCTION

1.  In 2006, Plaintiff Ronald Chrisman was badly beaten while at the Richard J. Donovan Institution (RJD). He was neglected medically to a point where he lost a finger and was then released on Parole. Mr. Chrisman filed a lawsuit against correctional officers and medical staff at RJD facility who he claimed were deliberately indifferent to his serious medical needs.

2.  After being released on parole, Ronald Chrisman violated his parole and he was sent to the George Bailey Detention Facility. Prior to being sent back to RJD, Mr. Chrisman begged the Court to place an order that he not return to RJD due to the fact that he had filed a lawsuit against certain correctional officers at the Richard J. Donovan facility and he feared retaliation from these guards. Mr. Chrisman's fears were well placed because the guards were known to act in retaliation, and they had a reputation for abusing prisoners.

3.  It is the California Department of Corrections (CDCR) policy not to allow prisoners to be housed in units where there are "known enemies" guards or otherwise. Mr. Chrisman was placed back into the same Unit where the guards were working.

4.  It did not take long for the guards to seek their vengeance upon Ronald Chrisman. According to Mr. Chrisman, "*they (the guards) beat me to a bloody pulp, broke my hand, beat my face and knocked out a couple teeth. The loosened some others while I was handcuffed and had leg irons on. They cracked a rib; I can't eat, drink or talk. I bit my tongue real bad and have a fat lip. That was Sgt. Mendoza and his boys.*"

5.  Mr. Chrisman also suffered from internal bleeding due to the incident.

6.  Both federal and state laws prohibit guard brutality. Under the Eighth

SECOND AMENDED COMPLAINT FOR DAMAGES

Amendment to the United States Constitution, it is unlawful for a guard to use greater physical force than is reasonable and necessary to accomplish a lawful purpose.

7.   California Penal Code sections 2650-2652 prohibits any corporal punishments or punishments not "authorized by the Director of Corrections," and makes any deliberate act not authorized by law which causes injury to a prisoner punishable in the same manner as injury to a free person. Here, the gruesome acts committed upon Ronald Chrisman were not only a violation of Mr. Chrisman's constitutional rights but brutally despicable crimes as well.

## JURISDICTION AND VENUE

8.    Plaintiffs bring this action pursuant to 42 U.S.C. §1983. This court has jurisdiction over the federal claims under 28 U.S.C. §§1331 and 1343.

9.   Venue is proper in the Southern District of California.  All acts alleged herein occurred at Richard.J. Donovan Correctional Facility, 480 Alta Road, San Diego, California 92179.

## PARTIES

10.   Plaintiff, RONALD CHRISMAN, is a former prisoner of the California Department of Corrections and at the time of the incident plaintiff had been placed in the care, custody and control of the California Department of Corrections housed at the Richard Donovan Correctional institution in California.

SECOND AMENDED COMPLAINT FOR DAMAGES

11. Defendants A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10, were employed as Correctional officers for the State of California working in the Richard Donovan correctional institution and at all times material hereto, have a duty to behave in a manner consistent with Federal and State law.

12. Defendant RICHARD HERNANDEZ, WARDEN OF R.J. DONOVAN STATE PRISION was employed as the WARDEN for the R.J. DONOVAN State Prison,  and had the duty to insure that all officers were qualified to serve as correctional officers and to insure that officers were properly trained, supervised and disciplined. RICHARD HERNANDEZ, was responsible for enforcing the policies of the State of California at the R.J. DONOVAN State Prison. At all times material hereto, Defendant acted under color of law. He is sued in his individual and official capacity.

13. The R.J. Donovan Correctional facility is a California Department of Corrections and Rehabilitation agency of the State of California (CDC). Through its Warden, CDC is also responsible for complying with ADA standards and for enforcing the Penal Code within its institutions and for enforcing the California Code of Regulations that impact and affect inmates in California prisons.

SECOND AMENDED COMPLAINT FOR DAMAGES

14.    At all times relevant herein, each of the individual Defendants herein were acting under the color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the California Department of Corrections (CDC), and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the CDC at all times relevant herein with the power and authority vested in them as officers, agents and employees of the CDC  and incidental to the lawful pursuit of their duties as officers, employees and agents of the CDC. Each of the individual defendants are being sued in their Official and Individual capacities.

15.    At all times relevant herein, DOES 1 through 10, were correctional officers, sergeants, captains, commanders, and/or civilian employees, agents and representatives of the CDC and employees, agents and representatives of RJD.  At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of the California Department of Corrections, a department and subdivision of the STATE OF CALIFORNIA and at all times were acting with permission and consent of their co-defendants.  Said defendants were specifically authorized by the STATE OF

SECOND AMENDED COMPLAINT FOR DAMAGES

- 5 -

CALIFORNIA  to perform the duties and responsibilities of sworn correctional officers, and all acts hereinafter complained of were performed by them within the course and scope of their duties as peace officers.

16.  Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.  PLAINTIFFS will amend this complaint to allege said defendants' true names and capacities when ascertained.  PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

**IV.**

**FACTS COMMON TO ALL ACTIONS**

17.  Plaintiff brings this action pursuant to 42 U.S.C. §1983. Plaintiff RONALD CHRISMAN alleges, inter alia, that on or about February 22, 2009, Defendants A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10, subjected Plaintiff to an unlawful beating, torture and humiliation.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 6 -

18.  While a prisoner at RJD State Prison and at approximately 5:00 p.m. on February 22, 2009, outside of building 10, during pill-line release, Defendant Correctional Officer SAMANIEGO yelled to Plaintiff to button his jacket. RONALD CHRISMAN walked to Defendant SAMANIEGO and politely told him it was warm outside and asked if can he wait to button his jacket while in the pill-line. Plaintiff also asked if it was written in the policy manual that an inmate was required to button his jacket while in the pill line.

19.  At the time of Plaintiff's question, Defendant Correctional Officer VERKOUTEREN became irate and told PLAINTIFF to turn around. Plaintiff complied. VERKOUTEREN then tightly placed handcuffs on CHRISMAN cutting of circulation and causing great pain to CHRISMAN in violation of Title 15 of the California Code of Regulations constituting punishment with no legitimate penological justification, and as such constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution as incorporated by the Fourteenth Amendment and enforceable through 42 U.S.C. § 1983.

20.  In response to the question, Defendant Correctional Officer VERKOUTEREN became irate and told PLAINTIFF to turn around. Plaintiff complied.

21.  Correctional Officer VERKOUTEREN then intentionally and for the purpose of causing severe pain, tightly placed handcuffs on RONALD CHRISMAN.

SECOND AMENDED COMPLAINT FOR DAMAGES

The handcuffs cutt-off circulation and caused great pain to RONALD CHRISMAN in violation of Title 15 of the California Code of Regulations and PLAINTIFF'S 8th Amendment rights against cruel and unusual punishment.

22. Plaintiff was then thrown to the ground with full force where additional force was placed upon RONALD CHRISMAN for the sole purpose of causing him severe pain and to punish RONALD CHRISMAN for asking a question to a correctional officer. Shackles were then placed on RONALD CHRISMAN'S legs.  Plaintiff was then picked up and taken to a work change cage–a small caged area where inmates are allowed to change clothing. As CHRISMAN was put in the work change cage, fully shackled, handcuffed, and defenseless, Defendants VERKOUTEREN, SAMANIEGO and MENDOZA each took turns maliciously and sadistically beating on a helpless CHRISMAN for the sole purpose of causing him great pain, anguish, humiliation, physical injury, and punishment. During the beating in the work change cage correctional officer defendants HICE, and WHITE looked on without taking any steps to prevent the Institutional, Constitutional and criminal law violations occurring immediately before them.

23. Plaintiff, RONALD CHRISMAN was violently punched in the face knocking his teeth loose and causing damage to his head, ears and mouth. One by one, the Defendant correctional officers beat the shackled and helpless RONALD

CHRISMAN, slamming his face into the cage and pounding his body with blows. One particular blow by Sgt. MENDOZA knocked RONALD CHRISMAN'S teeth out. These repeated sadistic blows occurred while correctional officers HICE and WHITE looked on, witnessing the torture, abuse, and violence directed at CHRISMAN. Both WHITE and HICE were in a positions to stop the beating and they did nothing despite their obligation as a peace officers to prevent the violation of Plaintiff's constitutional rights.

24. Plaintiff CHRISMAN further contends the injuries he suffered were a direct result of an unlawful custom and practice maintained by Defendant WARDEN RICHARD HERNANDEZ, which permitted or condoned unlawful beatings, terrorizing and/or acts of retaliation by their correctional officers and had a custom and/or policy of failing to investigate and punish Correctional officers for their unlawful acts resulting in the cruel and unusual punishment to inmates.

25. After the incident, and in order to coverup the crime, punishment, torture, and violation of Plaintiff's constitutional rights the individual correctional officer Defendants prepared false reports of the incident, including preparing false use of force reports and incident reports.

26. Plaintiff further contends that Defendant WARDEN RICHARD HERNANDEZ is individually, jointly and severally liable for those violations

SECOND AMENDED COMPLAINT FOR DAMAGES

of PLAINTIFF'S constitutional rights, referenced above and below, in that WARDEN RICHARD HERNANDEZ and DOES 6-10 have:

(1) tolerated, condoned and encouraged a pattern of brutality and use of excessive force by members of the California Department of Corrections Richard Donovan facility against inmates and others;

(2) systematically failed, for many years, to properly and adequately monitor and investigate such incidents and to supervise and discipline the officers involved, and;

(3) created an environment and culture in which officers and supervisors are encouraged to engage in and to conceal the misconduct of other officers resulting in  situation where correctional officers believe that they can violate with impunity the rights of persons such as PLAINTIFF;

(4) inadequately trained correctional officers with regard to proper restraint and use of force;

(5) inadequately selected, trained, monitored and supervised correctional officers and correctional officer supervisors.

27. Recognizing the unlawful nature of their conduct, A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)   and DOES 1-10, conspired to cover up the

SECOND AMENDED COMPLAINT FOR DAMAGES

- 10 -

wrongdoing by engaging in a cover—up of their misconduct. In furtherance of this cover—up, defendants A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724) and DOES 1-10, prepared and filed knowingly false incident reports with the Department of Corrections, designed to cause the commencement of a groundless proceedings against RONALD CHRISMAN.

28.   All these acts and omissions took place with the knowledge and acquiescence of supervisors named herein as DOE 6-10.

29.   The acts upon Plaintiffs as described above was objectively unreasonable and violated  the rights of RONALD CHRISMAN under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983.   Defendant A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724), and DOES 1-10,   acted intentionally, willfully and/or with reckless indifference for the rights of Plaintiff RONALD CHRISMAN.  Each Defendant knew or should have known that their actions violated clearly established Constitutional law.

30.   In the manner herein described, the defendants deprived the plaintiff of his right against cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

SECOND AMENDED COMPLAINT FOR DAMAGES

31.   In the manner herein described, the defendants engaged in extreme and outrageous behavior knowing that it probably would cause the plaintiff to suffer extreme emotional distress.

32.   As a proximate result of the defendant's actions described herein, the plaintiff suffered extreme emotional distress.

33.   At all times during the events described above, A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10 and DOES 1-10, were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

34.   Plaintiffs are informed and believe and thereon allege that A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10 inclusive, intentionally, maliciously and sadistically failed to use proper and established tactics regarding the acts described above upon RONALD CHRISMAN.

35.   In the days following the incident described above upon RONALD CHRISMAN, California Department of Corrections officers A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO

SECOND AMENDED COMPLAINT FOR DAMAGES

(#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10, orchestrated a cover up of incident involving RONALD CHRISMAN.

36.   As a direct and proximate result of the said acts of the defendants A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10, the plaintiff suffered the following injuries and damages:

      a.   Violation of his constitutional rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment;

      b.   Physical pain, torture and emotional trauma and suffering.

37.   The actions described above by A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-5,were the result of the joint and concerted conduct of A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-5, and constituted the use of cruel and unusual punishment against Plaintiffs RONALD CHRISMAN, who had done nothing which could or should have allowed for or permitted the use of force.  As such, the actions of A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-5,

SECOND AMENDED COMPLAINT FOR DAMAGES

were objectively unreasonable and constituted cruel and unusual

punishment within the meaning of the Eighth Amendment and

consequently, a violation of 42 U.S.C.§1983.

38.     Plaintiffs seizure was a direct and proximate result of the aforementioned

violations of rights conferred by the United States Constitution and the wrongful

acts and omissions perpetuated by the A. VERKOUTEREN (#53733), R. HICE

(#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA

(#74724)  and DOES 1-5, while acting  under color of law and pursuant to

customs, policies and/or procedures all in violation of 42 U.S.C. §1983.


## FIRST COUNT/CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL RIGHT, EIGHTH AMENDMENT

## TO THE UNITED STATES CONSTITUTION

**[** AS TO VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO

(#74724), S. WHITE (77825), E. MENDOZA (#74724)

and DOES 1-5**, INCLUSIVE]**

39.     Plaintiff hereby incorporates his allegations from all proceeding paragraphs

as if fully set forth herein.

40.     Plaintiff's constitutionally protected rights that the Defendants violated are

the following:

SECOND AMENDED COMPLAINT FOR DAMAGES

A.      His right to liberty protected in the substantive components of the

Due Process Clause of the Fourteenth Amendment of the United

States Constitution, which includes personal safety and the right to

medical care and attention.

B.      His right to fair and equal treatment guaranteed and protected by the

Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution.

C.      His right to be free of cruel and unusual punishment guaranteed and

protected by the 8th Amendment of the United States Constitution.

41.    All Defendants acting under color of state law took PLAINTIFF into

physical custody. In doing so, they established a special custodial

relationship with PLAINTIFF, giving rise to affirmative duties on their part

to secure for his Constitutionally protected rights identified above.

42.    All Defendants acting under color of state law, by their conduct, showed

intentional, outrageous disregard for PLAINTIFF'S constitutional rights.

43.    As a direct and proximate result of all Defendants conduct, PLAINTIFF

suffered physical and emotional injury and other Constitutionally protected

rights and damages as described above, which ultimately caused him severe

pain, suffering and psychological trauma.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 15 -

44.   A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S.WHITE (77825), E. MENDOZA (#74724)  and DOES 1-5 while acting under color of state law deprived PLAINTIFF of his liberty interest in bodily integrity by their malicious and sadistic acts in beating plaintiff and/or their failure to intervene to prevent the violations of Plaintiff's constitutional rights.

45.   As a direct and proximate result of the foregoing conduct of A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724)  and DOES 1-10 following the severe beating of PLAINTIFF, wherein PLAINTIFF suffered physical injuries to his head, face, teeth and body which required immediate medical care plaintiff will in the future incur medical bills to treat his injuries including the likelihood of several future surgeries;

46.   The conduct of each of the defendants, served no penological purpose and is such that punishment and by way of example, PLAINTIFF is entitled to an award of punitive damages.

47.   PLAINTIFF has in the past and will in the future incur attorneys fees and expenses in prosecuting this action for which he is entitled to an award as a prevailing plaintiff as a part of costs under 42 U.S.C. ¤ 1988.

////

SECOND AMENDED COMPLAINT FOR DAMAGES

**SECOND COUNT/CAUSE OF ACTION**

**FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS**

**[AS TO DEFENDANTS** A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724**) AND DOES 1 THROUGH 5 INCLUSIVE, INDIVIDUALLY AND AS OFFICERS OF THE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AT RICHARD J. DONOVAN FACILITY]**

48.    Plaintiff  repeats and realleges each and every allegation of the foregoing paragraphs above,  as though fully set forth herein.

49.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of the procedural and substantive due process rights of plaintiff RONALD CHRISMAN.

50.    On February 22, 2009, at the time and place alleged above herein,A. VERKOUTEREN (#53733), R. HICE (#72647), E. SAMANIEGO (#74724), S. WHITE (77825), E. MENDOZA (#74724) and  DOES 1 through 5, inclusive, were present at the immediate scene of the beating and torture of RONALD CHRISMAN, and said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted beating of RONALD CHRISMAN and were compelled to do

SECOND AMENDED COMPLAINT FOR DAMAGES

so under the laws of the State of California and under the Constitution of the United States of America.

51.   At said date and location, in deliberate indifference to the life, health and constitutional rights of PLAINTIFF, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in said beating and further failed to intervene in the failure to provide medical care to PLAINTIFF which occurred after the beating.

52.   As a result thereof, PLAINTIFF was unlawfully and unjustifiably beaten in violation of his rights under the Constitution of the United States of America.

## THIRD COUNT/CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR VIOLATION

## OF CONSTITUTIONAL RIGHTS

## [AS TO DEFENDANT WARDEN RICHARD HERNANDEZ AND DOES 6 THROUGH 10, INCLUSIVE]

53.   Plaintiff, repeats and realleges each and every allegation of the foregoing paragraphs above as though fully set forth herein.

54.   This action is brought pursuant to 42 U.S.C. §1983 and the Eighth Amendment of the U.S. Constitution.

SECOND AMENDED COMPLAINT FOR DAMAGES

55.   On or before and on February 22, 2009, Plaintiff, RONALD CHRISMAN, possessed the right, guaranteed by the United States Constitution, to be free from cruel and unusual punishment.

56.   At the time of these constitutional violations by each of the individual Correctional officer Defendants, the Warden RICHARD HERNANDEZ and DOES 6 through 10, inclusive, had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their correctional officers to unjustifiably, unreasonably and in violation of the Eighth Amendment to inflict cruel and unusual punishment on prison inmates, including Plaintiff Ronald Chrisman.

57.   Said policies, procedures, customs and practices also called for the RJD State Prison to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of excessive force, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in trial to cover-up and conceal such wrongful conduct by correctional officers of the RJD State Prison and for RJD State Prison to fail to objectively and/or independently investigate or in any way deal with or respond to claims and lawsuits made as a result of such misconduct.

SECOND AMENDED COMPLAINT FOR DAMAGES

58. Said policies, procedures, customs and practices called for and led to the refusal of

said defendants to investigate complaints of previous incidents of excessive force, the filing of false incident reports to conceal such misconduct, the falsification of evidence and perjury and, instead, officially claiming that such incidents were justified and proper.

59. Said policies, procedures, customs and practices called for said defendants, and

each of them, by means of inaction and coverup, to encourage an atmosphere of lawlessness within the department of corrections and to encourage their correctional officers to believe that excessive force against inmates without any penological purpose,  was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

60. Said policies, procedures, customs and practices evidenced a deliberate indifference to the violations of the constitutional rights of the RONALD CHRISMAN.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said defendants of indistinguishably similar

SECOND AMENDED COMPLAINT FOR DAMAGES

incidents, and of  falsification of evidence, evidence tampering, submission of false reports and perjury.

61.   Deliberate indifference is also evidenced by maintenance of an inadequate system of use-of-force tracking, government claim/lawsuit tracking, and an independent system of officer discipline.

62.   Deliberate indifference to other victims of the RJD State Prison was also evidenced by the failure to identify and investigate instances of excessive force against inmates, improper use of restraints, falsification of evidence, submission of false police reports and perjury, and by the failure of by said defendants to adequately train and more closely supervise or retrain officers and/or discipline or recommend prosecution of those officers who in fact improperly used excessive force against suspects, falsified evidence, tampered with evidence, submitted false and misleading reports, and/or committed perjury.

63.   Other systemic deficiencies of said defendants which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the RICHARD J. DONOVAN State Prison include:

a.     the regular and systemic preparation of investigative reports by officers, sergeants, and other supervisors designed to vindicate the

SECOND AMENDED COMPLAINT FOR DAMAGES

use of force against inmates regardless of whether such use was

justified;

b.    the regular and systemic preparation of investigative reports which

uncritically rely solely on the word of correctional officers involved

in the use-of-force incidents and which systematically fail to credit

testimony by non-officer witnesses;

c.    the regular and systemic preparation of investigative reports related to

incidents involving excessive force which omit factual information

and physical evidence which contradicts the accounts of the officers

involved;

d.    the regular and systemic issuance of public statements exonerating

officers involved in such incidents prior to the completion of

investigations of the use-of-force;

e.    the regular and systemic failure to objectively and independently

review investigative reports by responsible superior officers for

accuracy or completeness and acceptance of conclusions which are

unwarranted by the evidence of the  use-of-force or which contradict

such evidence; and,

f.    the regular and systemic failure to maintain centralized department-

wide system for the tracking and monitoring of the use of excessive

SECOND AMENDED COMPLAINT FOR DAMAGES

- 22 -

force, citizens' complaints, government tort claims, abuse of authority, and so as to identify those officers who engage in a pattern of excessive force, abuse of police authority and police misconduct.

64.   Said defendants also maintained a system of grossly inadequate training regarding the use of force.

65.   Deliberate indifference to the civil rights of inmates  was also evidenced by said defendants' failure to implement an officer discipline system which would conduct meaningful and independent investigations of officer use of force incidents and of inmate complaints of falsified evidence, evidence tampering, authoring and filing of false and misleading police reports, and the presentation of false testimony at trial.

66.   The foregoing acts, omissions, and systemic deficiencies are policies and customs  of WARDEN RICHARD HERNANDEZ and DOES 6  through 10, inclusive, caused each of the individual defendants and DOES 1 through 5, inclusive, to be unaware of, or intentionally overlook and ignore, the rules and laws governing the permissible use of force, including the use of force against inmates, the falsification of evidence or the tampering with evidence, the submission of false reports and the commission of perjury.

67.   The foregoing acts, omissions, and systemic deficiencies are policies and customs  of WARDEN RICHARD HERNANDEZ caused, permitted and/or

allowed under official sanction each of the individual correctional officer defendants and  DOES 1 through 5, inclusive, to believe that their cruel and unusual punishment against inmates is entirely within the discretion of the officer and that improper and unlawful use of force, evidence falsification, filing of false and misleading reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated.

68.    As a direct and proximate result of the aforementioned acts alleged herein, PLAINTIFF suffered physical and emotional damages which caused him serious injuries, and were denied prompt and necessary medical attention.

<u>PRAYER</u>

WHEREFORE, plaintiff, RONALD CHRISMAN, for each and every cause of action above, demands the following relief, jointly and severally, against all the defendants;

a)    Compensatory general and special damages in an amount in accordance with proof;

b)    Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988.

d)    Costs of suit necessarily incurred herein;

e)    Prejudgment interest according to proof; and

SECOND AMENDED COMPLAINT FOR DAMAGES

f)   Such further relief as the Court deems just or proper.

g)   Exemplary damages, against the non-entity defendants, for the

intentional acts described above or for those done recklessly or with

deliberate indifference, in an amount sufficient to deter and to make

an example of those defendants.


Dated: June 3, 2011        **RIOS & ASSOCIATES**
                             A Professional Law Corporation

                             By:   _____/S/_____
                                   RALPH R. RIOS
                                   RALPH M. RIOS
                                   Attorneys for PLAINTIFF
                                   RONALD CHRISMAN

SECOND AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS request that the present matter be set for jury trial.


Dated: June 3, 2011                      **RIOS & ASSOCIATES**
                                         A Professional Law Corporation


                              By:    _____/S/_____
                                     RALPH R. RIOS
                                     RALPH M. RIOS
                                     Attorneys for PLAINTIFF,
                                     RONALD CHRISMAN

SECOND AMENDED COMPLAINT FOR DAMAGES