1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | RONALD CHRISMAN, | ) | Civil Case No.: 11cv357 AJB (MDD) |

RONALD CHRISMAN,                          )     Civil Case No.: 11cv357 AJB (MDD)
                                          )
            Plaintiff,                    )     ORDER:
                                          )     (1) DECLINING TO ADOPT REPORT
v.                                        )     AND RECOMMENDATION;
                                          )
A VERKOUTERN, et al.,                     )     (2) DENYING DEFENDANTS' MOTION
                                          )     FOR TERMINATING SANCTIONS;
            Defendants.                    )
                                          )     (3) DENYING DEFENDANTS' MOTION
                                          )     TO DISMISS PLAINTIFF'S SECOND
                                          )     AMENDED COMPLAINT; AND
                                          )
                                          )     (4) DIRECTING THE PARTIES TO
                                          )     APPEAR BEFORE MAGISTRATE
                                          )     JUDGE DEMBIN FOR A REVISED
                                          )     SCHEDULING ORDER
                                          )
_____ )     (Doc. Nos. 22, 25)

Presently before the Court is Defendants A. Verkouteren, R. Hice, E. Samaniego, and E. Mendoza, the California Department of Corrections & Rehabilitation, the R.J. Donovan Facility, and Richard Hernandez' (collectively, "Defendants") motion for terminating sanctions, or in the alternative, to compel Plaintiff Ronald Chrisman ("Plaintiff") to appear for his deposition.  (Doc. No. 22.)  On September 4, 2012, the Court referred the matter to Magistrate Judge Mitchell D. Dembin, who issued a Report and Recommendation ("R&R").  The R&R recommended that the Court grant Defendants' motion for terminating sanctions and dismiss Plaintiff's second amended complaint without prejudice. (Doc. No. 25.)  Plaintiff filed objections to the R&R on November 16, 2012, (Doc. No. 26), and

1   Defendants filed a reply on November 30, 2012, (Doc. No. 27).   For the reasons set forth below, the

2   Court DECLINES to adopt the R&R, DENIES Defendants' motion for terminating sanctions, and

3   DIRECTS the parties to Magistrate Judge Dembin to set a new discovery and motion practice schedule

4   and a new Pretrial Conference date.

5                                          ***Background***

6         On February 21, 2011, Plaintiff  filed a complaint pursuant to 42 U.S.C. § 1983, alleging his civil

7   rights were violated while imprisoned in R. J. Donovan Correctional facility.  (Doc. No. 1.)  Plaintiff

8   filed an amended complaint on March 9, 2011, followed by a second amended complaint filed on July

9   18, 2011, each containing substantially the same allegations.  (Doc. Nos. 3, 13.)  On October 4, 2011,

10  Defendants answered the second amended complaint.  (Doc. No. 14.)  On May 14, 2012, Judge Dembin

11  set a pretrial schedule regulating discovery, which stated that "[a]ll discovery, including expert

12  discovery, shall be completed by all parties on or before September 28, 2012."  (Doc. No. 19.)

13        On August 24, 2012, counsel for Plaintiff moved to be relieved as attorney of record.  (Doc. No.

14  20.)  At the time, Plaintiff's counsel claimed to have lost all contact with Plaintiff.  Counsel reported

15  difficulties reaching Plaintiff for the last six months, and that Plaintiff had left the sober living house

16  where he had been residing.  (*Id*. at 2.)  Counsel also reported that repeated attempts to reach Plaintiff

17  through his sister in mid-August had been unsuccessful.  (Doc. No. 20, Ex. A.)  On August 31, 2012,

18  Judge Dembin found insufficient cause for withdrawal and denied Plaintiff Counsel's motion without

19  prejudice.  (Doc. No. 21.)

20        On September 4, 2012, Defendants filed the instant motion for terminating sanctions.  (Doc. No.

21  22.)  Defendants describe the events that led to its filing as follows:

22        On June 18, 2012, defense counsel noticed plaintiff's deposition to go forward on July
          27, 2012. At the request of plaintiff's counsel, the deposition was continued. (Jeffery
23        Decl., ¶ 2.)  On July 24, 2012, counsel agreed upon a new date for the deposition and
          defense counsel served an amended notice scheduling plaintiff's deposition for August 6,
24        2012. (Jeffery Decl., ¶ 3 and Ex. A.)  On Friday August 3, 2012, defense counsel was
          advised that plaintiff had been in jail and had not reported to the half way house where he
25        was scheduled to stay and that he could not be located. Defense was further advised that
          plaintiff's counsel's office was making efforts to contact plaintiff and would let defense
26        counsel know when such contact was made.  An agreement was reached to discuss the
          matter again on August 10, 2012 to give plaintiff's counsel time to locate his client.
27        Defense counsel advised that if Mr. Chrisman could not be located, she would move to
          compel the deposition and request dismissal of the action. (Jeffery Decl., ¶ 4.) On
28        August 21, 2012, at the meet and confer between counsel, plaintiff's counsel confirmed
          that he had not located his client. (Jeffery Decl., ¶ 7.)(*Id.*, Ex. 2.)

                                               2                              11cv731 AJB (MDD)

On September 17, 2012, Plaintiff filed an Opposition to Defendants' motion for terminating sanctions. (Doc. No. 24). Consistent with the "Motion to be Relieved," and Defendants' Motion for Terminating Sanctions, the Opposition stated that "[s]ince, July of 2012[,] Mr. Chrisman's attorney [has] not had any contact with [Plaintiff] and Mr. Chrisman's attorneys cannot locate him." However, despite acknowledging that Plaintiff had seemingly disappeared, Plaintiff's counsel contended terminating sanctions were inappropriate because "the remedy is too harsh and alternate methods of enforcing the deposition of Plaintiff . . . are available." (*Id.* at 1-2.) Plaintiff's counsel also argued terminating sanctions were not warranted because Plaintiff had never indicated a desire to drop his case. On September 25, 2012, Judge Dembin issued a R&R, recommending terminating sanctions and dismissal of Plaintiff's case without prejudice. (Doc. No. 25.)

## *Legal Standard*

### I.    Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### II.   Terminating Sanctions

When a party disobeys a discovery order, Federal Rule of Civil Procedure 37 provides several options, including terminating sanctions. Rule 37(d)(1)(A)(I) states:

> The court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition.

Such sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. Rule Civ. P. 37(d)(3). Rule 37(b)(2)(A)(v) allows for "dismissing the action or proceeding in whole or in part." These terminating sanctions are considered very severe and are only justified where the failure to

1   produce stems from the "willfulness or bad faith" of the offending party.  *Dreith v. Nu Image, Inc.*, 648

2   F.3d 779, 788 (9th Cir. 2011); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d

3   1217, 1233 (9th Cir. 2006) (finding willfulness where plaintiffs refused to timely furnish requested

4   material and unreasonably delayed completing a fact sheet that was necessary for defendants to mount a

5   defense).  The willfulness standard is met by disobedient conduct that is within the offending party's

6   control. *See, e.g., Fair Housing of Marin v. Combs*, 285 F.3d 899, 905–06 (9th Cir. 2002) (holding

7   failure to produce documents that allegedly did not exist was not outside defendant's control because

8   they were later found hidden in his apartment).

9        The Ninth Circuit has created a five part test in considering whether a dismissal or default is

10  justified as a Rule 37 sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the

11  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

12  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

13  *Thompson v. Hous. Auth. of City of L.A.*, 782 F. 2d 829, 831 (9th Cir. 1986).  These factors are not a

14  series of conditions precedent before the judge can act, but a way for the court "to think about what to

15  do."  *In re PPA*, 460 F.3d at 1226; *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)

16  ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors

17  strongly support dismissal." ).

18                                      *__Discussion__*

19        On September 25, 2012, Magistrate Judge Dembin issued a R&R, recommending that Defen-

20  dants' motion for terminating sanctions be granted, and Plaintiff's second amended complaint dismissed

21  without prejudice.  (Doc. No. 25.)  Magistrate Judge Dembin considered each of the five factors

22  analyzed by the Ninth Circuit in *Thompson*, and found each factor weighed in favor of dismissal.

23  Because Plaintiff objected to Magistrate Judge Dembin's findings as it relates to each of the five factors,

24  the Court conducts a *de novo* review of each factor.  28 U.S.C.  § 636(b)(1); *Remsing*, 874 F.2d at 617.

25  **I.      Public's Interest in Expeditious Resolution of Litigation**

26        "As the first of the Federal Rules of Civil Procedure reflects, the public has an overriding interest

27  in securing 'the just, speedy, and inexpensive determination of every action.'"  *In re PPA*, 460 F.3d at

28  1127 (quoting Fed.R.Civ.P. 1).  "[D]elay in reaching the merits, whether by way of settlement or

1   adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* District

2   Courts are given broad discretion to determine when a delay becomes unreasonable. *Id.*

3       After countless requests by Defendants' counsel to depose Plaintiff—which was originally set

4   for July 27, 2012; rescheduled for August 6, 2012; and finally canceled as of August 21, 2012—Plaintiff

5   has failed to attend his properly noticed depositions.  Although each of Plaintiff's scheduled depositions

6   were canceled before Defendants incurred any costs, Plaintiff's illusive whereabouts have caused

7   countless delays in this case.  Thus, even though Plaintiff now alleges he is "available for his deposition

8   and to assist in the litigation of this matter," the Court finds the delays have already affected the public's

9   right to the "just, speedy, and inexpensive determination of every action." *In re PPA*, 460 F.3d at 1127.

10  Accordingly, this factor weighs in favor of terminating sanctions.  *Hyde & Drath v. Baker*, 24 F.3d

11  1162, 1173 (9th Cir. 1994) (affirming dismissal of complaint was proper after clients repeatedly failed to

12  attend court-ordered depositions).

13  **II.    The Court's Need to Manage its Docket**

14      Dismissal serves the court's need to manage its docket, when "a [party's] noncompliance has

15  caused the action to come to a halt, thereby allowing the [party], rather than the court, to control the

16  pace of the docket." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460

17  F.3d 1217, 1234 (9th Cir. 2006) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th

18  Cir.1999)).  In *Thompson* the Ninth Circuit stated that "[d]istrict courts have inherent power to control

19  their dockets. In the exercise of that power they may impose sanctions including, where appropriate,

20  default or dismissal. " *Thompson*, 782 F. 2d at 831.  The *Thompson* Court further noted that while

21  dismissal should "be imposed as a sanction only in extreme circumstances," the Ninth Circuit has

22  "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial

23  procedures mandated by local rules and court orders." *Id.*

24      Here, Plaintiff alleges he failed to attend his deposition and participate in the litigation because

25  he was incarcerated on two separate occasions and was left homeless without any funds.  (Doc. No. 26.)

26  Even though the Court has "inherent power" to control its docket, taking Plaintiff's factual allegations

27

28

as true, such an extreme sanction is unwarranted given the factual circumstances of this case.[1]

Accordingly, absent a finding of "wilfulness" and "bad faith," the Court finds this factor weighs against terminating sanctions. *Stars' Desert Inn Hotel & Cnty. Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir.1997) (finding dismissal only proper when the failure "is due to the willfulness, bad faith, or fault of the party").

## III.   Risk of Prejudice

"Prejudice normally consists of loss of evidence and memory, it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." *In re PPA*, 460 F.3d at 1128 (internal citations omitted). Prejudice is presumed from unreasonable delay, and the burden to show actual prejudice shifts to the party seeking the sanction only after the respondent has given a non-frivolous excuse for the delay. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir.1998); *see also Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.").

Here, although Magistrate Judge Dembin was given no basis to determine the merits, or lack of merits, resulting in Plaintiff's failure to attend his properly noticed deposition, the Court has recently been presented new factual allegations suggesting a non-frivolous excuse for the delay. Accordingly, even though Plaintiff does not supply the Court with a personal declaration attesting to his whereabouts during the relevant period, the Court prefers adjudication of the case on the merits. Therefore, the Court finds this factor also weighs against terminating sanctions.

## IV.   Public Policy Favoring Disposition of Cases on Merits

This factor normally weighs against imposing a terminating sanction. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Allen*, 460 F.3d at 1228. As stated above,

---

[1] Defendants' contend Plaintiff's arguments are without merit because Plaintiff has failed to attach his own declaration attesting to these facts, explaining his absence, and providing further support for his failure to contact his attorney. While the Court is aware, and nonetheless agrees with Defendants, the Court is also cognizant of the important rights at stake and the need for each litigant to have his "day in court." *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 18 (1972).

1   because Plaintiff has recently alleged his desire to participate in the litigation and make himself

2   available for his deposition, the Court finds this factor weighs against terminating sanctions.

3   **V.      Availability of Less Drastic Sanctions**

4           Factors that indicate whether a court has considered alternatives include: "(1) Did the court

5   explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be

6   inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance

7   before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before

8   actually ordering dismissal?" *Allen*, 460 F.3d at 1228–29.  Here, the Court finds this factor also weighs

9   against imposing terminating sanctions.  However, the Plaintiff must be cognizant that any further

10  failure to comply with the Court's scheduling orders, or otherwise appear for his noticed deposition, will

11  result in dismissal of his case.

12                                                   *<u>Conclusion</u>*

13          Based on newly presented evidence not considered by Magistrate Judge Dembin when issuing

14  his R&R to this Court, the Court **DECLINES** to adopt the R&R; **DENIES** Defendants' motion for

15  terminating sanctions; **DENIES** Defendants' motion to dismiss the second amended complaint;

16  **VACATES** the Pretrial Conference date set before this Court on **<u>December 21, 2012</u>**; and **ORDERS**

17  the Parties to contact Magistrate Judge Dembin to set a new discovery and motion practice schedule and

18  a new pretrial conference date.  The Parties have until **<u>December 31, 2012</u>** to contact Magistrate Judge

19  Dembin to schedule a case management conference, discovery and motion practice schedule, and to set

20  the new pretrial conference date.  As noted above, any further failures on behalf of Plaintiff to comply

21  with this Court's scheduling orders will result in dismissal of the case.

22

23          IT IS SO ORDERED.

24

25  DATED:  December 17, 2012

26                                                   _____
                                                     Hon. Anthony J. Battaglia
27                                                   U.S. District Judge

28

                                                     7