# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHRISMAN, <br><br> Plaintiff, <br><br> vs. <br><br> A. VERKOUTEREN, et al., <br><br> Defendants. | CASE NO. 11cv0357-AJB-MDD <br><br> REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br> [ECF No. 32] |

## I. INTRODUCTION

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rules 72.1 and 72.3(f) of the United States District Court for the Southern District of California. For the reasons set forth herein, the Court **RECOMMENDS** Defendants' Motion for Summary Judgment be **GRANTED**.

## II. PROCEDURAL HISTORY

Ronald Chrisman ("Plaintiff") was a state prisoner formerly incarcerated at Richard J. Donovan Correctional Facility ("Donovan"). (ECF No. 13 at 3). On July 18, 2011, Plaintiff filed the operative Second Amended Complaint ("SAC"). (ECF No. 13). In his SAC, Plaintiff claims that on February 22, 2009, at Donovan, Defendants Verkouteren, Hice, Samaniego, White, and Mendoza assaulted him and violated his civil rights under 42 U.S.C. § 1983. (*Id.* at 14-15).

1   On October 4, 2011, Defendants filed an Answer to Plaintiff's SAC. (ECF No. 14). On May 10, 2013, Defendants Hice and Samaniego filed the instant Motion for Summary Judgment. (ECF No. 32). On June 14, 2013, Plaintiff filed a Statement of Non-Opposition in response to the Defendants' Motion. (ECF No. 34).

### III. STATEMENT OF FACTS

Plaintiff claims that he was assaulted on February 22, 2009, violating his civil rights. (ECF No. 13 at 14-15). Plaintiff alleges that while he was waiting in an outdoor "pill line," Samaniego asked Plaintiff to button his jacket. (ECF No. 13 at 7). Plaintiff states that he did not comply with Samaniego's request, and that as a result, he was handcuffed, thrown to the ground, and dragged to a "work change" area by several of the correctional officers on duty. (*Id.* at 6-8). Plaintiff alleges that the officers then took turns beating him, causing him severe injuries. (*Id.* at 8).

In his SAC, Plaintiff made specific claims regarding the participation of Samaniego and Hice in the alleged assault. (*See id.*). He alleged that Samaniego participated in the beating, and that Hice watched the beating without taking any steps to prevent it. (*Id.*). In their Motion for Summary Judgment, Samaniego and Hice present a different set of facts than those alleged by Plaintiff. The version presented by these Defendants is consistent with Plaintiff's deposition testimony. (*See* ECF Nos. 32 and 34).

In her Declaration supporting the Motion, Samaniego denies having any physical contact with Plaintiff on the day in question. (ECF No. 32-5 at 2-3). Samaniego admits to monitoring the pill line, and to seeing Plaintiff be taken to the work change area. (*Id.*). However, Samaniego alleges that she did not see Plaintiff again that day, and did not witness

1 the alleged assault. (*Id.*). Plaintiff admits in his deposition that
2 Samaniego was not in the work change area when the alleged assault
3 occurred.[1] (ECF. No. 32-4 at 28-29). Plaintiff claims that Samaniego
4 accompanied him to the work change area, but "she left right away."
5 (*Id.*).

6      According to Hice's Declaration, he was in an observation tower
7 near the outdoor pill line when he saw Plaintiff fall to the ground. (ECF
8 No. 31-3 at 15-17). Hice further alleges that he stayed in the tower after
9 Plaintiff was taken to the work change area, and did not observe or have
10 knowledge of the alleged assault. (*Id.*). In his deposition, Plaintiff
11 admitted that he did not know where Hice was when the alleged assault
12 occurred. (ECF No. 32-4 at 35-36). When asked whether he knew who
13 Hice was, Plaintiff responded, "not exactly, no." (*Id.* at 34).

## IV. DISCUSSION

15      Rule 56(c) of the Federal Rules of Civil Procedure authorizes the
16 granting of summary judgment "if the pleadings, depositions, answers to
17 interrogatories, and admissions on file, together with the affidavits, if
18 any, show that there is no genuine issue as to any material fact and that
19 the moving party is entitled to judgment as a matter of law." Fed. R. Civ.
20 P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). The parties
21 bear the same substantive burden of proof as would apply at a trial on
22 the merits, including plaintiff's burden to establish any element essential
23 to his case. *Celotex*, 477 U.S. at 322; *Taylor v. List*, 880 F.2d 1040, 1045
24 (9th Cir. 1989). The party seeking summary judgment bears the initial
25 burden of demonstrating to the court that summary judgment is
26 appropriate. *Celotex*, 477 U.S. at 323. The burden then shifts to the non-

---

28    [1] Plaintiff refers to Defendant Samaniego as "the female officer" in his deposition testimony. (See ECF No. 1 at 32-4).

1 moving party to provide evidence beyond the pleadings that shows that
2 summary judgment is inappropriate. *Id.* at 322-24.

3       To successfully rebut a properly supported motion for summary
4 judgment, the non-moving party "must point to some facts in the record
5 that demonstrate a genuine issue of material fact and, with all
6 reasonable inferences made in the plaintiff's favor, could convince a
7 reasonable jury to find for the plaintiff." *Reese v. Jefferson School Dist.*
8 *No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (internal citations omitted).
9 "As to materiality, the substantive law will identify which facts are
10 material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
11 Only factual disputes that might affect the outcomes of the suit will
12 properly preclude entry of summary judgment. *Id.*

13       In their Motion for Summary Judgment, Defendants Samaniego
14 and Hice allege that no genuine issue exists as to any material fact with
15 respect to the claims against them. (ECF No. 32 at 1-10). Plaintiff
16 admitted in his deposition that Samaniego was not present when he was
17 allegedly assaulted. (ECF No. 32-4 at 28-29). Plaintiff also admitted
18 that he did not know who Hice was, and that he did not see Hice during
19 the alleged assault. (*Id.* at 34-36). These admissions are consistent with
20 Declarations provided by Samaniego and Hice denying that they were
21 present at the time of the alleged assault. (*See* ECF No. 32-5 and 32-3).
22 There is no evidence before the Court contradicting the fact that
23 Defendants Samaniego and Hice were not present.

24       Given the facts that Plaintiff now admits, no reasonable jury could
25 find in Plaintiff's favor against these Defendants. *See Reese*, 208 F.3d at
26 738. In light of these facts, and Plaintiff's Statement of Non-Opposition
27 to the Motion, there is no genuine issue of material fact with respect to
28 Plaintiff's original claims that Samaniego and Hice violated his civil

rights by participating in the alleged assault, and Defendants are entitled to judgment as a matter of law. *See id.* Thus, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**.

### V. CONCLUSION

**IT IS ORDERED THAT:**

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **August 13, 2013**. The document shall be captioned "Objections to Report and Recommendations." Any reply to the objections shall be served and filed by **August 20, 2013**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: July 30, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge